IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PHILLIP PEMBERTON,

              Plaintiff,

vs.                                                    Case No. 21-3152-SAC

(FNU) DEDEKE, et al.,

              Defendants.

**O R D E R**

Plaintiff, <u>pro se</u>, has filed this action alleging violations of his constitutional rights in relation to his incarceration at the Leavenworth County Jail (LCJ). Plaintiff brings this case pursuant to 42 U.S.C. § 1983.[1] This case is before the court for the purposes of screening plaintiff's amended complaint (Doc. No. 10) pursuant to 28 U.S.C. § 1915A.[2]

I. <u>Screening standards</u>

Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. A court

---

[1] Title 42 United States Code Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . causes to be subjected, any citizen of the United States . . . to the deprivation of by rights, privileges, or immunities secured by the Constitution and laws [of the United States]."

[2] Plaintiff filed a motion to amend the complaint two weeks after he filed his original complaint. Doc. No. 6. The court granted plaintiff leave to file an amended complaint on forms in accord with the Local Rules of the Court. Doc. No. 7. Plaintiff's amended complaint supersedes the original complaint.

1

liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). But, a pro se litigant is not relieved from following the same procedural rules as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997). However, "if the court can reasonably read the pleadings to state a valid claim on which the [pro se} plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority [or] his confusion of various legal theories." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009). The court may also consider the exhibits attached to the complaint. Id.

The court, however, is not required to accept legal conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678; Hall, 935 F.2d at 1110. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim. Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

A viable § 1983 claim must establish that each defendant caused a violation of plaintiff's constitutional rights. Walker v. Mohiuddin, 947 F.3d 1244, 1249 (10th Cir. 2020)(quoting Pahls v. Thomas, 718 F.3d 1210, 1228 (10th Cir. 2013)).

> Plaintiffs must do more than show that their rights were violated or that defendants, as a collective and undifferentiated whole, were responsible for those violations.  They must identify specific actions taken by particular defendants, or specific policies over which particular defendants possessed supervisory responsibility…

Id. at 1249-50 (quoting Pahls); see also, Robbins v. State of Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008)("a complaint must make clear exactly who is alleged to have done what to whom").

II. The amended complaint

Plaintiff alleges that his constitutional right to medical care under the Eighth and Fourteenth Amendments has been denied and that he has been the victim of slander, defamation and discrimination. Plaintiff lists as defendants: Sheriff Dedeke of Leavenworth County; Lt. Thorne, the Commander of LCJ; Melissa

(lnu), Head Nurse; and all Sheriffs and jail commanders over the last two years.

The amended complaint contains general claims of a denial of medical and mental health care, a lack of screening, and a denial of medication.  It is unclear whether plaintiff was a pretrial detainee or serving a sentence or both during the time described in the amended complaint.

Plaintiff states that he has brain injuries and other serious neurological problems, and that he is bipolar and paranoid.  He claims he is "very sick."  Plaintiff alleges that "mental health is non-existent" and that he is denied "my mental health care." He states that he sees and hears things that are not there and that defendants exploit his mental issues.

Plaintiff alleges that when he came into jail in the beginning of April 2021, he was told he was suffering from alcohol withdrawal.  He alleges that he was physically sick for eight to ten weeks because defendants disregarded his illness and denied plaintiff prescribed medicine.  Librium is the only medicine plaintiff mentions by name. Aside from Librium, plaintiff does not state what prescribed medicine was denied.  He also does not identify by name who prescribed medicine for plaintiff.  Other than saying "the nurse" denied him Librium for alcohol withdrawal, plaintiff does not identify who denied plaintiff medicine.  Nor does he describe how he was sick.  Writing in early August of this

4

year, plaintiff states that he still has trouble with "bleeding and controlling feces" and seizures which he attributes to "them denying my medicine."

Plaintiff further asserts that he was severely injured in a fight with another inmate in September or October of 2020. Plaintiff claims he was denied emergency services and x-rays ("where I asked") and that he had seizures and collapsed on the floor. He claims that "they" denied plaintiff treatment when plaintiff "didn't even know where I was." He also complains that he has been denied threader floss he needs to clean a dental bridge.

Finally, plaintiff claims that the jail is not taking proper procedures to prevent sickness from COVID. He claims no one is being tested or quarantined, and now "we all [are] getting sick, locked down and not getting treated."

III. Analysis

To state a constitutional claim relating to the denial of medical care for which he may recover under § 1983, plaintiff must allege facts plausibly showing an injury caused by a defendant's deliberate indifference to a serious medical problem. Quintana v. Santa Fe County Board of Commissioners, 973 F.3d 1022, 1028-29 (10th Cir. 2020)(same test applied to Eighth Amendment and Fourteenth Amendment claims of deliberate indifference to medical needs). This test has an objective and a subjective component.

5

Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005)(quoting Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000)).  The provision of medical care, even if grossly negligent, does not violate the Eighth Amendment unless, judged objectively, it is responding to a sufficiently serious medical need.  This means that the medical need "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (interior quotation omitted).  The subjective part of the deliberate indifference test "requires the plaintiff to present evidence" that an official "'knows of and disregards an excessive risk to inmate health or safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he [or she] must also draw the inference.'"  Id., quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994).  The Court in Farmer "analogized [the deliberate indifference] standard to criminal recklessness, which makes a person liable when she consciously disregards a substantial risk of serious harm."  Id. at 752.  This may be demonstrated with circumstantial evidence.  Id.

    A. Denial of floss

    Plaintiff does not allege facts showing that the denial of dental floss constitutes deliberate indifference to a serious

medical need.  Nor does he allege facts showing that a particular defendant acted to deny plaintiff dental floss.

   B. COVID

   Plaintiff does not allege facts showing that he has suffered an injury that was caused by a deliberately inadequate response to COVID-19 or similar virus at LCJ.[3]  Nor does plaintiff allege what a particular defendant did to cause plaintiff an injury from COVID-19 or a similar virus.

   C. General and undifferentiated claims

   The amended complaint is unclear in most parts as to what each defendant did or did not do as to specific medical or mental health issues.  As already stated in this order, plaintiff may not rely upon undifferentiated allegations against a collection of defendants.  In addition, plaintiff's general claims that he was denied mental health care or medical care do not adequately describe a plausible cause of action for deliberate indifference to a serious medical need. See Cary v. Hickenlooper, 674 Fed.Appx. 777, 780 (10th Cir. 2016)(claim of denial of "appropriate medical care" is insufficient to state a claim for relief); Gee v. Pacheco, 627 F.3d 1178, 1192 (10th Cir. 2010)(rejecting vague and conclusory allegations regarding lack of medical treatment); Shunn v. Benson,

---

[3] Plaintiff mentions being denied a change of clothes for a number of days and being "locked down."  These restrictions as described in the amended complaint have not deprived plaintiff of "the minimal civilized measure of life's necessities," as required for an Eighth Amendment violation. Farmer, 511 U.S. at 832 & 834 (1994).

7

2020 WL 1666791 *8 (D.Idaho 4/2/2020)(denial of "mental health treatment" too vague); Wade v. Paisle, 2019 WL 2142108 *2 (E.D.Cal. 5/16/2019)(denial of "medical care" and "mental health care" too vague); Bridges v. Federal Bureau of Prisons, 2018 WL 9458201 *4 (D.Colo. 4/10/2018)(same).

D. Treatment after inmate fight

Plaintiff claims that he did not get adequate treatment after a fight with another inmate, but he does not state what, if any, treatment he did receive, who gave him treatment, specifically what treatment he was denied, who denied it, and how the denial of treatment caused him an injury. A denial of x-rays "where I asked" does not indicate that plaintiff was denied significant treatment, only that there was a difference of opinion as to where he should have x-rays. Such a disagreement on matters which generally fall in the category of medical judgment is not evidence of an unconstitutional denial of medical treatment. See Self v. Crum, 439 F.3d 1227, 1232 (10th Cir. 2006).

E. Denial of Librium

Although it is not completely clear, plaintiff appears to be asserting that defendant Melissa (lnu) denied him Librium which had been prescribed for his alcohol withdrawal. Plaintiff, however, does not state when he was denied Librium in relation to when he first entered LCJ in April 2021. Nor does he offer the reason given for denying him Librium. He also does not state

whether he received other medication or treatment for alcohol withdrawal instead of Librium. If plaintiff could provide any of this information and state clearly that he was denied prescribed Librium by a specific defendant, it would assist in providing fair notice of a plausible claim.

F. Defamation and discrimination

Defamation is not a federal constitutional violation. See Siegert v. Gilley, 500 U.S. 226, 233 (1991). It is a state law claim which this court may not consider except as a supplemental claim to plaintiff's federal claims. See Koch v. City of Del City, 660 F.3d 1228, 1248 (10th Cir. 2011) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." (quoting Smith v. City of Enid, 149 F.3d 1151, 1156 (10th Cir. 1998)). Because, as explained above, plaintiff has not fairly stated a federal constitutional claim, the court is not inclined to consider his defamation claim. In addition, plaintiff does not identify specific defamatory statements, who made the statements, or when the statements were made. Therefore, plaintiff has not given fair notice of his defamation claim.

Plaintiff's broad claim of "discrimination" also fails because it is too conclusory and does not give fair notice of the basis for his claim. See Armour v. Universal Protection Services,

9

724 Fed.Appx. 663, 665 (10th Cir. 2018)(citing Khalik, 671 F.3d at 1193)); Crawford v. Frasier, 21 Fed.Appx. 883, 885 (10th Cir. 2001).

IV. Conclusion

In conclusion, the court finds that plaintiff has failed to state a plausible claim for relief under § 1983 or state law. The court shall grant plaintiff time until September 17, 2021 to show cause why this case should not be dismissed or to file a second amended complaint which corrects the deficiencies found in the amended complaint. A second amended complaint should be printed on forms supplied by the Clerk of the Court which may be supplemented. A second amended complaint should also contain all of the claims upon which plaintiff wishes to proceed in this case. Failure to respond to this order may result in the dismissal of this case.

**IT IS SO ORDERED.**

Dated this 18th day of August 2021, at Topeka, Kansas.

s/Sam A. Crow_____
U.S. District Senior Judge