IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


PHILLIP PEMBERTON,

         Plaintiff,

vs.                                    Case No. 21-3152-SAC

(FNU) DEDEKE, et al.,

         Defendants.


**O R D E R**

This case is now before the court upon what has been docketed as a motion for reconsideration and motion for appointment of counsel.  Doc. No. 15.  This is an action under 42 U.S.C. § 1983 with claims arising from plaintiff's incarceration in the Leavenworth County Jail.  Plaintiff seeks reconsideration of an order (Doc. No. 13) which dismissed plaintiff's claims against defendants (FNU) Dedeke and (FNU) Thorne and made other rulings.  Dedeke is the Sheriff of Leavenworth County and Lt. Thorne is alleged to be in charge of the jail.  Plaintiff objects to the dismissal of his claims against Dedeke and Thorne regarding the denial of prescribed Librium for plaintiff when plaintiff was going through alcohol withdrawal as he entered the jail in early April 2021.  Plaintiff indicates that he continued to be denied Librium for a period of weeks.  He does not allege how long he was in alcohol withdrawal.

1

A motion for reconsideration is an opportunity for the court to: 1) correct manifest errors of law or fact; 2) review newly discovered evidence; or 3) review a prior decision in light of a recent change in the law. Neonatal Prod. Grp., Inc. v. Shields, 312 F. Supp. 3d 1010, 1020-21 (D. Kan. 2018). "Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination." Kustom Signals, Inc. v. Applied Concepts, Inc., 181 F.R.D. 489, 492 (D.Kan. 1998). A party should not bring a motion for reconsideration to raise arguments or present evidence that should have been raised in the first instance, or to rehash arguments previously considered and rejected by the court. Shields, 312 F.Supp.3d at 1020-21.

Plaintiff has had multiple opportunities to allege his claims regarding the denial of Librium. See Doc. Nos. 1, 10, and 12. Plaintiff's motion for reconsideration is mostly a request to engage in discovery or for the court to order a Martinez report to assist plaintiff in developing the factual allegations necessary to state a claim against Dedeke and Thorne.

Plaintiff suggests that he made oral and written requests and grievances for weeks and weeks, sometimes three times a day, pleading to "everyone I spoke or wrote to" about how he was suffering without Librium for alcohol withdrawal. Doc. No. 15, p.

2

1.  He states that some grievances were addressed to "staff, Lt. [Thorne], and the Sheriff letting them know my medicine was ordered . . . and the jail nurse was not going to comply with the doctor's [order]."  Doc. No. 15, pp. 2.  He further states that he "had a meeting with Lt. Thorne in June finally after 10 or 11 weeks of suffering[,] [Lt. Thorne] said he would talk to defendant Melissa Wardrop the head nurse of LCJ."  Id.

Plaintiff must do more than allege a deprivation of a prescribed medicine and that he made complaints.  He must allege facts showing an affirmative link between defendant Dedeke and defendant Thorne and the denial of Librium as well as facts showing causation of his injury and a culpable state of mind.  See Cox v. Glanz, 800 F.3d 1231, 1248 (10th Cir. 2015).  Plaintiff has not done so.  He does not allege facts showing that Dedeke or Thorne caused plaintiff to be denied Librium at a time when plaintiff was still suffering from alcohol withdrawal.  Nor does he allege facts showing that they acted or failed to act with deliberate indifference to the substantial risk that plaintiff would suffer from the effects of alcohol withdrawal if Librium was not given to plaintiff.  Plaintiff does not specifically allege what he told Dedeke and Thorne or, importantly, when he said it, except for the June meeting with Thorne which, according to plaintiff, was 10 or 11 weeks after he entered the jail suffering from alcohol withdrawal.  Nor does he allege facts indicating it was plausible

that when he communicated with Dedeke and Thorne that he was still undergoing alcohol withdrawal.  Finally, as the court stated in Doc. No. 13, a denial of a grievance may signify nothing more than a reasonable reliance on the judgment of prison medical staff. Phillips v. Tiona, 508 Fed.Appx. 737, 744 (10th Cir. 2013)(warden may rely on the judgment of prison medical staff); Arocho v. Nafziger, 367 Fed.Appx. 942, 956 (10th Cir. 2010)(same); see also, Allen v. Reynolds, 475 Fed.Appx. 280, 284 (10th Cir. 2012)(notice of dispute given to prison warden does not show his personal participation in unconstitutional conduct); Jovel v. Berkebile, 2015 WL 4538074 *4 (D.Colo. 7/28/2015)(same); Karsten v. Davis, 2013 WL 2120635 *11-12 (D.Colo. 4/26/2013)(awareness of plaintiff's complaints does not constitute personal participation in constitutional violation).

Ordering a Martinez report is in the court's discretion. Barrett v. Philpot, 356 Fed.Appx. 193, 199 (10th Cir. 2009).  So is the management of discovery. Abdulhaseeb v. Calbone, 600 F.3d 1301, 1310 (10th Cir. 2010).  At this point, the court finds that the progress of this case would not be supported by ordering a Martinez report or directing service and answers from defendants Dedeke and Thorne.  Generally, discovery is not started in cases of this kind until service is made upon a defendant.  The normal course is for a United States Magistrate Judge to supervise discovery at the appropriate time after a case has been screened.

For these reasons, the court declines to order a <u>Martinez</u> report and declines to order discovery.

The court also declines to appoint counsel, although this decision is taken without prejudice to plaintiff making this request again as this case progresses beyond the screening stage. In deciding whether to appoint counsel, the district court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." <u>Hill v. SmithKline Beecham Corp.</u>, 393 F.3d 1111, 1115 (10th Cir. 2004). "It is not enough 'that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case.'" <u>Steffey v. Orman</u>, 461 F.3d 1218, 1223 (10th Cir. 2006)(quoting <u>Rucks v. Boergermann</u>, 57 F.3d 978, 979 (10th Cir. 1995)).

The court understands that plaintiff faces some obstacles in presenting the facts and law concerning his case, but this is a relatively simple case and so far plaintiff has been able to present his claims in a fairly understandable manner. Considering all of the circumstances, including that the merits of the case are unclear and that the matter is still in the screening stage, the court shall deny plaintiff's motion for appointment of counsel without prejudice to plaintiff renewing his request at a later point in this litigation.

In conclusion, plaintiff's motion for reconsideration and appointment of counsel (Doc. No. 15) is denied without prejudice. The court considers plaintiff's claims against defendants Dedeke and Thorne to be dismissed without prejudice as well.  The screening process under 28 U.S.C. § 1915A has now been completed. Therefore, this matter is returned to the Clerk of the Court for random reassignment for all further proceedings pursuant to D. Kan. R. 40.1.

**IT IS SO ORDERED.**

Dated this 28th day of October 2021, at Topeka, Kansas.


s/Sam A. Crow_____
U.S. District Senior Judge