IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PHILLIP PEMBERTON,

          Plaintiff,

v.

MELISSA WALDROP,

          Defendant.

CIVIL ACTION

Case No. 21-3152-TC-TJJ

## ORDER

Plaintiff Phillip Pemberton, proceeding *pro se*, brings this § 1983 action against one remaining Defendant, Melissa Waldrop, for his treatment while incarcerated in the Leavenworth County Jail. After screening, the claims that remain against Defendant Waldrop are for "denial of prescribed medicine for alcohol withdrawal and failure to care for Plaintiff's alleged painful side, back and/or abdominal pain."[1] This matter comes before the Court on two motions: a Motion for Orders (ECF No. 22) and a renewed Motion for Appointment of Counsel (ECF No. 24).

Plaintiff's first motion contains numerous requests: (1) to order Leavenworth County (presumably, the jail) to preserve evidence as well as the *Martinez* Report prepared in another case, involving a different plaintiff; (2) to appeal Judge Crow's dismissal of two defendants; (3) to add parties; and (4) for protection and advocacy for individuals with mental illness, including Plaintiff. The Court addresses each of these requests briefly.

First, the Court will not order Leavenworth County (or its jail)—one a non-party and the other a former party—to preserve evidence. If the County (or another person or entity) improperly destroys evidence, there are remedies available to Plaintiff. Because discovery has

not yet begun, the Court cannot determine what types of discovery Plaintiff will be entitled to receive or what must be preserved. And to the extent Plaintiff eventually wants access to the *Martinez* Report prepared in Case No. 21-3153, *Cheatham v. Dedeke, et al.*, that question is not currently before the Court. The *Martinez* Report has been filed under seal in Case No. 21-3153, so it is "preserved," although Plaintiff may or may not be entitled to view it.

Second, Plaintiff's request to appeal is not properly before the Court. If Plaintiff wanted to appeal Judge Crow's dismissal of two prior Defendants to the Tenth Circuit, he should have filed a timely Notice of Appeal. He did not. Moreover, it's unlikely that such an appeal would have been fruitful, as there is no judgment in this case so it would have been an interlocutory appeal. Judge Crow already denied Plaintiff's motion to reconsider dismissal of the two prior Defendants.[2] If Plaintiff still wants to appeal Judge Crow's decision at the final termination of this action, he may file a Notice of Appeal after judgment is entered.

Third, Plaintiff's request to add parties is not properly before the Court. Plaintiff has already filed an amended complaint.[3] If he wants to amend again, he will need to follow the proper procedures for doing so, including filing a motion to amend and attaching a proposed second amended complaint for the Court's review.[4]

Fourth, Plaintiff's request for protection and advocacy is not an actionable request. This Court will consider Plaintiff's case with fairness and equal treatment for the parties. As Plaintiff proceeds *pro se*, the Court liberally construes his pleadings.[5] But the Court cannot and will not advocate for Plaintiff. This is Plaintiff's case to prosecute, and he must still abide by the Court's

---

[1] ECF No. 13 at 14.
[2] ECF No. 19.
[3] ECF No. 10.
[4] D. Kan. R. 15.1.

rules and procedures.[6]

As for the motion to appoint counsel, Judge Crow has already denied similar requests three times.[7] While a defendant in a criminal action has a constitutional right to be represented by an attorney, it is well settled that a party in a civil action has no right to appointment of counsel.[8] Nothing has changed since Judge Crow's most recent denial of Plaintiff's request, other than Defendant Waldrop filed an Answer and new judges have been assigned to the case after the initial screening process. On October 28, 2021, Judge Crow stated, "The court understands that plaintiff faces some obstacles in presenting the facts and law concerning his case, but this is a relatively simple case and so far plaintiff has been able to present his claims in a fairly understandable manner."[9] This statement remains true. As the case progresses, Plaintiff may be able to show a change in circumstances that justifies appointment, but he has not done so yet. The Court denies Plaintiff's request to appoint counsel, without prejudice to Plaintiff renewing his request at a later time in the litigation.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Orders (ECF No. 22) is denied.

---

[5] *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).
[6] *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).
[7] ECF Nos. 7, 9, and 19.
[8] *Lee v. Crouse*, 284 F. Supp. 541, 543-44 (D. Kan. 1967) ("There is no absolute right to appointment of counsel in either habeas corpus or civil rights actions.").
[9] ECF No. 19 at 5.

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion for Appointment of Counsel (ECF No. 24) is denied without prejudice.

Dated in Kansas City, Kansas, on this 26th day of January 2022.

_Teresa J. James_
Teresa J. James
U. S. Magistrate Judge