## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

PHILLIP PEMBERTON,

                **Plaintiff,**

v.

MELISSA WALDROP,

                **Defendant.**

**CIVIL ACTION**

**Case No. 21-3152-TC-TJJ**

## ORDER

Plaintiff Phillip Pemberton, proceeding *pro se*, brings this § 1983 action against one remaining Defendant, Melissa Waldrop, for his treatment while incarcerated in the Leavenworth County Jail. This matter comes before the Court on a fourth Motion for Appointment of Counsel (ECF No. 34). The Court has addressed the question of appointment of counsel on four prior occasions (four, as opposed to three, because Plaintiff sought reconsideration of one of the Court's decisions).[1]

Once again, the Court reminds Plaintiff that, while a defendant in a criminal action has a constitutional right to be represented by an attorney, it is well settled that a party in a civil action has no right to appointment of counsel.[2] Nothing has changed since this Court's most recent denial of Plaintiff's request, other than the Court conducted a Scheduling Conference with the parties and Defendant served discovery requests on Plaintiff. On October 28, 2021, Judge Crow stated, "The court understands that plaintiff faces some obstacles in presenting the facts and law

---

[1] ECF No. 7, 9, 19, and 25.

[2] *Lee v. Crouse*, 284 F. Supp. 541, 543-44 (D. Kan. 1967) ("There is no absolute right to appointment of counsel in either habeas corpus or civil rights actions.").

concerning his case, but this is a relatively simple case and so far plaintiff has been able to present his claims in a fairly understandable manner."[3] This statement remains true. In addition, the Court spoke with Plaintiff during the Scheduling Conference and finished the phone conference with confidence that Plaintiff is capable of representing himself. Plaintiff claims that he is entitled to representation based on his status as a disabled individual under the Americans with Disabilities Act ("ADA"). But Plaintiff does not cite law in support of this assertion, and the Court is not aware of any. For employment discrimination cases under Title VII, the Court may appoint counsel "in such circumstances as the court may deem just."[4] The ADA incorporates the "powers, remedies, and procedures" set forth in sections 2000e-4 through 2000e-9 of Title VII, including the provision for appointing counsel for a plaintiff.[5] This case, however, is neither an employment action nor an ADA case. And even if it were, appointment remains discretionary.

The Court will not repeat the legal standards or analysis for appointment of counsel again here. Suffice it to say, there is no new information to consider, and appointment of counsel is still not warranted. Although Plaintiff now argues the ADA requires the Court to appoint counsel, he had already informed the Court of his disability before the Court denied his other motions for counsel.[6] The Court is sympathetic to Plaintiff's mental struggles, but they do not present a new circumstance.

---

[3] ECF No. 19 at 5.

[4] 42 U.S.C. § 2000e-5(f)(1) states that "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security."

[5] 42 U.S.C. § 12117(a).

[6] ECF Nos. 3 at 1; 8 at 1; 15 at 2; 24 at 1.

In his motion, Plaintiff also suggests that he wants to stay this case if the Court does not appoint counsel. He also claims that he has not received the Court's Scheduling Order (which was mailed in March 2022) or Defendant's discovery requests or Initial Disclosures (also sent to Plaintiff in March 2022).[7] Finally, Plaintiff indicates that his address has changed. He has not, however, formally updated his address with the Court. Keeping contact information current is Plaintiff's responsibility. The Court will direct the Clerk's Office to change Plaintiff's address this time based on Plaintiff's statement in his motion. But in the future, Plaintiff must send a Notice of Change in Address to the Clerk's Office—in a timely manner—to update his address.

The Court will send Plaintiff another copy of the Scheduling Order and direct Defendant to send the documents referenced in its Certificate of Service (ECF No. 33). But doing so does not relieve Plaintiff of the responsibility for complying with the deadlines in the Scheduling Order. The Court notes the discovery deadline is fast-approaching, on July 11, 2022. Plaintiff has not given the Court adequate reason to stay the case or any case deadlines. The Court is unaware how long Plaintiff has been at his new address, but certainly he has had adequate time between late March and mid-June to notify the Court before now that he didn't receive the Scheduling Order or documents from Defendant that were discussed during the Scheduling Conference. Both were sent to the address Plaintiff gave to the Court, and it is Plaintiff's responsibility to keep his address current.[8]

---

[7] ECF Nos. 32, 33.

[8] *See Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1265 (10th Cir. 1999) (stating that a plaintiff bore responsibility for the inability to receive the court's filings because he failed to update his address); D. Kan. R. 5.1(c)(3) ("Duty to Update Contact Information. Each attorney or pro se party must notify the clerk in writing of any change of address or telephone number. Any notice mailed to the last address of record of an attorney or pro se party is sufficient notice.").

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Appointment of Counsel (ECF No. 34) is denied.

**IT IS FURTHER ORDERED THAT** the Clerk's Office send the Scheduling Order (ECF No. 32) to Plaintiff at the following address, and update Plaintiff's mailing address on the docket to this address: 710 N. 7th Street, Kansas City, Kansas 66101. In addition, Defendant shall re-serve Plaintiff with the documents referenced in ECF No. 33 at this address.

Dated in Kansas City, Kansas, on this 1st day of July 2022.

Teresa J. James
U. S. Magistrate Judge