IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PHILLIP PEMBERTON,

        Plaintiff,

                                            CIVIL ACTION

v.

                                            Case No. 21-3152-TC-TJJ

MELISSA WARDROP,

        Defendant.

## REPORT AND RECOMMENDATION

### NOTICE

Within fourteen (14) days after being served with a copy of this Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), any party may file a written objection to this Report and Recommendation. A party must file any objections within the fourteen-day period if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

### REPORT

Plaintiff Phillip Pemberton, proceeding *pro se*, brings this § 1983 action against one remaining Defendant, Melissa Wardrop, for his treatment while incarcerated in the Leavenworth County Jail. A telephone scheduling conference was held on March 22, 2022, at which Plaintiff appeared and participated. The Court thereafter entered a Scheduling Order (ECF No. 32), which set deadlines for the parties to serve their Rule 26(a)(1) initial disclosures, complete discovery, submit a proposed pretrial order, and scheduled a pretrial conference for July 19, 2022.

On July 11, 2022, Defendant Wardrop filed a Motion to Dismiss for Failure to Make

Discovery (ECF No. 39). In the motion, Defendant Wardrop notified the Court that Plaintiff had not responded in any way to Defendant's discovery requests, provided his Rule 26 disclosures in any form, or engaged in discovery despite being aware of the scheduling order deadlines.

On July 12, 2022, an Order to Show Cause (ECF No. 41) was issued to Plaintiff ordering him to show good cause on or before August 1, 2022, why this case should not be dismissed for lack of prosecution due to his failure to meaningfully participate in the case thus far. The Order also postponed the pretrial conference and held in abeyance the deadlines for submitting the pretrial order and filing dispositive motions. Plaintiff timely responded to the Court's Show Cause Order (See ECF Nos. 42 and 43). In his letter received by the Court on July 18, 2022, Plaintiff states he has been incarcerated in Wyandotte County Jail and just received the March 22, 2022 Scheduling Order. He states he has no idea what he is doing, he has not been able to receive mail, he has no way of looking up court rules, and he does not get envelopes or paper. He indicates his mental health issues limit his ability to understand the legal procedures.

On September 9, 2022, Plaintiff filed a motion (ECF No. 44) requesting that his deadlines be extended. The Court construes his request for extensions of the Scheduling Order deadlines to seek extensions of the deadlines he previously failed to meet. In support of his request for deadline extensions, Plaintiff states he has been plagued with mental health episodes his entire life and is unfairly disadvantaged in this lawsuit because he cannot contact witnesses and obtain discovery while he is incarcerated.

On September 28, 2022, Plaintiff filed another motion requesting the appointment of counsel (ECF No. 46). He states he needs an attorney to subpoena his medical records from the Wyandotte County Jail and to contact witnesses located in another correctional facility. He

further states that he cannot get a copy of the Federal Rules of Civil Procedure.

On October 21, 2022, Plaintiff filed a document (ECF No. 48) which appears to be his notice of service of his interrogatory answers and actual answers to the interrogatories. On October 25, 2022, he filed another document (ECF No. 49) which appears to be his service of the rest of the interrogatory answers.

The undersigned judge has reviewed Plaintiff's responses to the Order to Show Cause, his motion for extensions of the Scheduling Order deadlines, renewed motion for appointment of counsel, and notices of service of his interrogatory answers, and interrogatory answers. Based upon its review, the undersigned finds that Plaintiff has shown cause why his case should not be dismissed for lack of prosecution. He has provided sufficient explanation for his failures to prosecute this case and to meet the Scheduling Order deadline for submitting the pretrial order before the Pretrial Conference. The undersigned judge therefore recommends that the District Judge deny without prejudice Defendant's Motion to Dismiss for Failure to Make Discovery. If this recommendation is adopted, the undersigned judge will enter an amended scheduling order.

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the District Judge find Plaintiff has shown cause why this case should not be dismissed for lack of prosecution as required by the Order to Show Cause (ECF No. 41).

**IT IS FURTHER RECOMMENDED** that Defendant Wardrop's Motion to Dismiss for Failure to Make Discovery (ECF No. 39) be denied without prejudice.

A copy of this Report and Recommendation will be mailed to Plaintiff at the address listed on the docket.

Respectfully submitted.

Dated November 1, 2022, at Kansas City, Kansas.

／s／ Teresa J. James
Teresa J. James
U. S. Magistrate Judge