IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PHILLIP PEMBERTON,

          Plaintiff,

v.

          CIVIL ACTION

          Case No. 21-3152-TC-TJJ

MELISSA WARDROP,

          Defendant.

### SECOND AMENDED SCHEDULING ORDER and ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF A SPECIAL MASTER OR COUNSEL

This matter comes before the Court on Plaintiff's motion requesting an order staying or continuing any case deadlines for at least the next 30 days, appointing a special master, and appointing counsel (ECF No. 61). Defendant has filed a response (ECF No. 66) stating she will abide by whatever decision the Court enters regarding Plaintiff's motion to stay, but asks if the case is stayed that she be afforded an extension to respond to the substance and merits of Plaintiff's pending Motion for Summary Judgment. Defendant states that she opposes Plaintiff's request for the appointment of counsel. The Court will address each of Plaintiff's requests separately below.

    1.    **Request for 30-Day Stay or Continuance of Case Deadlines**

On November 17, 2022, the District Judge adopted the Report and Recommendation (ECF No. 52) finding Plaintiff had shown cause why his case should not be dismissed for lack of prosecution and denied Defendant's motion to dismiss without prejudice. The following day, on November 18, 2022, the Court granted Plaintiff's pending motion for extension of case deadlines (ECF No. 44) and entered an Amended Scheduling Order (ECF No. 53) setting a January 31,

2023 deadline to complete discovery; February 8, 2023 deadline for submitting the proposed pretrial order; February 16, 2023 at 1:30pm telephone pretrial conference; and March 17, 2023 deadline for filing dispositive motions.

In his motion filed on January 3, 2023, Plaintiff requests that the Court enter an order staying or continuing any case deadlines for at least the next 30 days. He provides his new address and indicates he is now residing at an inpatient rehabilitation facility located in Shawnee, Kansas.  He also requests copies of any court filings if there have been any updates since December 14, 2022.

Based upon the information in his motion, the Court finds Plaintiff has shown good cause for extending the case deadlines by 30 days.[1] Plaintiff's recent changes to his residence and mailing address justify the requested extension of all the Scheduling Order deadlines by 30 days. Plaintiff recently notified the Court that he will be reporting to Mirror, Inc. - Shawnee Residential and Outpatient Facility, Shawnee, Kansas, upon on or about January 13, 2023.  The Court therefore grants Plaintiff's motion requesting a 30-day continuance of the case deadlines. In addition, the parties' respective deadlines for responding to Plaintiff's Motion for Summary Judgment (ECF No. 57) and Defendant's Motion to Dismiss or Deny Plaintiff's Motion for Summary Judgment (ECF No. 59) are extended to **February 21, 2023**.  The Court further enters a Second Amended Scheduling Order, extending the case deadlines as summarized in the table that follows:

---

[1] Such extensions will be sufficient to address Plaintiff's scheduling concerns. To the extent Plaintiff is seeking a "stay" of any pretrial proceedings and discovery, the Court finds he has not shown good cause for a stay and therefore that request is denied.

| PEMBERTON v. WARDROP<br>21-cv-3152-TC-TJJ<br>SUMMARY OF SECOND AMENDED DEADLINES AND SETTINGS | |
|---|---|
| Event | Amended Deadline/Setting |
| All discovery completed | **March 3, 2023** |
| Proposed pretrial order due | **March 15, 2023** |
| Pretrial conference before Judge James – by telephone - CONFERENCE LINE **1-888-363-4749** and enter ACCESS CODE **4901386** | **March 23, 2023 at 11:00 AM** |
| All other potentially dispositive motions (e.g., summary judgment) | **April 17, 2023** |
| Motions challenging admissibility of expert testimony | **42 days before trial** |
| Jury trial in Kansas City, KS before District Judge Toby Crouse - ETT 3 days. | **December 5, 2023 at 9:00 am** |

To the extent that this Second Amended Scheduling Order is inconsistent with the prior Scheduling Orders (ECF Nos. 32 and 53), this Second Amended Scheduling Order supersedes the earlier ones. To the extent that this Second Amended Scheduling Order does not address dates, deadlines, or requirements included in the earlier Scheduling Orders, those earlier dates, deadlines, and requirements remain in effect. The parties are advised to review, in particular, the various requirements governing discovery, motions, submission of the pretrial order, and the pretrial conference in the earlier Scheduling Orders. Those requirements—other than the dates that are changed, as identified below—remain in place.

This Second Amended Scheduling Order will not be modified except by leave of Court upon a showing of good cause.

### 2. Request for Appointment of a Special Master

Plaintiff also requests a special master be appointed to make sure Defendant does not "continue to withhold evidence" especially pertaining to his requests for medication and his grievances for not getting treatment by Defendant, who was the gate keeper.

Generally, special masters are used for "situations that have some inherent complexity, technical issues that call for someone with a specific expertise, or even to pursue some policing or investigation outside of the traditional role of judicial officers."[2] The scope of appointment of a special master is addressed by Federal Rule of Civil Procedure 53(a)(1), which provides:

> Unless a statute provides otherwise, a court may appoint a master only to:
> (A) perform duties consented to by the parties;
> (B) hold trial proceedings and make or recommend findings of fact on issues to be decided without a jury if appointment is warranted by:
> (i) some exceptional condition; or
> (ii) the need to perform an accounting or resolve a difficult computation of damages; or
> (C) address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district.[3]

The party requesting the appointment of a special master "bears the burden of showing the necessity of such an appointment."[4]

Plaintiff has not shown that either of the circumstances under Rule 53(a)(1)(A) or (B) applies here. Nor has Plaintiff established that a special master would be necessary in this case to address pretrial matters that cannot be effectively and timely handled by this Court. Plaintiff's

---

[2] *Waterman v. Groves*, No. 18-3092-JWB-KGG, 2021 WL 63307, at *2 (D. Kan. Jan. 7, 2021) (citing *Ash Grove Cement Co. v. Wausau Ins. Co.*, No. 05-2339-JWL-GLR, 2007 WL 689576, at *3 (D. Kan. Mar. 1, 2007)).

[3] Fed. R. Civ. P. 53(a)(1).

[4] *Waterman*, 2021 WL 63307, at *2 (quoting *In re Wyoming Tight Sands Antitrust Cases,* 715 F. Supp. 307, 307-8 (D. Kan. 1989)).

request for the appointment of a special master is denied.

### 3. Request for Appointment of Counsel

Plaintiff also requests the Court appoint him an attorney to help with the litigation process or to keep the case moving. The Court has denied Plaintiff's six prior requests for appointment of counsel.[5] As the Court has repeatedly ruled, Plaintiff, as a party who has commenced a *civil* action seeking monetary damages, has no right to the appointment of counsel to prosecute his case.[6] Furthermore, the appointment of counsel in a civil case is very rare because Congress has not provided any mechanism or funding to compensate counsel appointed in civil cases.[7] Therefore, the Court would have to find an attorney willing to be appointed and provide his or her legal services pro bono (without payment). The Court therefore must make thoughtful and prudent use of its appointment power.

In his motion, Plaintiff indicates he has been released to a rehabilitation center and provided his new address. Plaintiff's change of residence or movement from one facility to another is not sufficient reason for the Court to appoint an attorney for Plaintiff. Nothing else has changed from his previously articulated reasons for why the Court should appoint an attorney to represent him. The appointment of counsel is still not warranted.

**IT IS THEREFORE ORDERED** that Plaintiff's motion requesting a 30-day continuance

---

[5] *See* Orders (ECF Nos. 7, 9, 19, 25, 36, and 54).

[6] *Lee v. Crouse*, 284 F. Supp. 541, 543-44 (D. Kan. 1967) ("There is no absolute right to appointment of counsel in either habeas corpus or civil rights actions.").

[7] *See Castner v. Colo. Springs Cablevision*, 979 F2d 1417, 1420 (10th Cir. 1992) ("Congress has not provided any mechanism for compensating [] appointed counsel. Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.").

of the case deadlines is granted as set forth herein.

**IT IS FURTHER ORDERED** that Plaintiff's motion requesting the appointment of a special master is denied.

**IT IS FURTHER ORDERED** that Plaintiff's motion requesting the appointment of counsel is denied.

A copy of this Order will be mailed to Plaintiff at the following address: 6221 Richards Dr., Shawnee, KS 66216.

IT IS SO ORDERED.

Dated January 19, 2023, at Kansas City, Kansas.

                                                               Teresa J. James
                                                               U. S. Magistrate Judge