IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PHILLIP PEMBERTON,

                Plaintiff,

                                                        CIVIL ACTION

v.

                                                        Case No. 21-3152-TC-TJJ

MELISSA WARDROP,

                Defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME, TO COMPEL DISCOVERY AND TO APPOINT COUNSEL

This matter comes before the Court on *pro se* Plaintiff's motion and notice of change of address (ECF No. 70). Plaintiff requests the following relief in his motion:[1]

1. Another extension of the case deadlines of at least 30 days up to 4 months from March 6, 2023;

2. An order compelling Defendant to answer the interrogatories and produce documents requested by Plaintiff; and

3. An order appointing counsel to represent him in this case.

Plaintiff also notifies the Court of his new address and states that he has not received anything from the Court since January 2023.[2]

---

[1] Based on the February 21, 2023 filing date and to a certain extent the substance of the motion, ECF No. 70 also appears to be Plaintiff's response to Defendant's Motion to Dismiss or Deny Plaintiff's Motion for Summary Judgment (ECF No. 59) and has been re-filed as ECF No. 72. The Second Amended Scheduling Order (ECF No. 67) extended the parties' respective deadlines for responding to Plaintiff's Motion for Summary Judgment (ECF No. 57) and Defendant's Motion to Dismiss or Deny Plaintiff's Motion for Summary Judgment (ECF No. 59) to February 21, 2023.

[2] A review of the docket reveals nothing has been filed in the case since January 19, 2023, except Plaintiff's Notice of change of address to the Wyandotte County Jail (ECF No. 69), his motion (ECF No. 70), and Defendant's response (ECF No. 71) to the instant motion which was mailed to Plaintiff at the

Defendant has filed a response (ECF No. 71) opposing Plaintiff's requests for extensions of the case deadlines, an order compelling discovery, and the appointment of counsel. Defendant argues she will be prejudiced by a continued delay of this case. Defendant also states that Plaintiff's allegation she is withholding discovery "is puzzling because [Plaintiff] has not issued any discovery in this matter." The Court will address each of Plaintiff's requests separately below.

1.  **Request for Extension of Case Deadlines**

Plaintiff asks for an extension of the case deadlines of at least 30 days but up to four months from March 6, 2023. In support of his request, Plaintiff states he had a mental health episode and ended up hospitalized for a week, but he is now back in the Wyandotte County Jail awaiting transfer to a rehabilitation facility located in Topeka.

The Court is sympathetic to Plaintiff's difficulties in being moved between facilities and trying to litigate while being held in a county detention center, however, Plaintiff filed this case nearly twenty months ago, on June 28, 2021. Since the original Scheduling Order (ECF No. 32) was entered nearly a year ago, on March 22, 2022, Plaintiff has requested and been granted repeated extensions of the case deadlines.³ The most recent extensions of all the case deadlines were granted on January 19, 2023, in the Court's Second Amended Scheduling Order (ECF No. 67). As noted in footnote 2, *supra*, despite his most recent move, Plaintiff didn't miss any court filings. And, no discovery requests are outstanding.

---

Wyandotte County Jail. ECF No. 68 is a non-public court event resetting the response/reply deadlines per ECF No. 67, and ECF No. 72 is the court's re-filing of Plaintiff's motion as a response. So, despite his move to the Wyandotte County Jail, Plaintiff has not missed any filings in the case.

³ *See* Amended Scheduling Order (ECF No. 53) and Second Amended Scheduling Order (ECF No. 67).

Based upon the information in his motion, the Court finds Plaintiff has not shown good cause for extending the case deadlines by any amount. Although Plaintiff might be moving again in the future, this does not justify the requested extension of all the Scheduling Order deadlines. This case remains set for a Final Pretrial Conference on **March 23, 2023 at 11:00 a.m.** by telephone. Participants must dial 1-888-363-4749 and enter ACCESS CODE 4901386 to join the conference.[4] The parties are further reminded that their proposed pretrial order (using the pretrial order form available on the Court's website) is due to chambers by **March 15, 2023**. Defendant should attempt to confer with Plaintiff and submit a jointly proposed pretrial order by the deadline, however, if that is not possible or Plaintiff is not available, each party can submit their version of the proposed Pretrial Order.

2. **Request for Order Compelling Discovery**

Plaintiff also states he has not received any answers to his interrogatories to Defendant and he is asking for help to get Defendant to produce her answers to his interrogatories and for production of documents. The Court construes this as Plaintiff's request for an order compelling Defendant to answer his interrogatories and produce documents under Fed. R. Civ. P. 37(a).

Defendant states in her response that Plaintiff's allegation she is withholding documents is puzzling because Plaintiff has not issued any discovery in this case. Defendant states she served Plaintiff with her Rule 26 disclosures on March 24, 2022 (See ECF No. 33) and propounded opening discovery requests on Plaintiff. (ECF No. 33). Pursuant to the Court's order (ECF No. 36), Defendant also re-served her Rule 26 disclosures in their entirety on July 1, 2022.

---

[4] Unless Plaintiff files a notice of change of address prior to the Final Pretrial Conference or otherwise advises that he has access to a telephone, the Court will contact the Wyandotte County Detention Center to arrange for him to obtain access to a telephone to participate in the conference on March 23, 2023.

(ECF No. 37). Defendant states that at no point during this case has Plaintiff served any discovery requests on Defendant and points out there certainly is no certificate of service on the case docket indicating such. According to Defendant, Plaintiff's allegation that she is refusing to disclose documents or respond to discovery is simply untrue.

Defendant denies ever receiving any interrogatories or request for production of documents from Plaintiff and the Court finds no indication in the record that Plaintiff has served interrogatories or requests for production upon Defendant. Plaintiff does not indicate when he served his interrogatories or requests for production or attach copies of the interrogatories and requests for production he allegedly served. Plaintiff's request for an order compelling Defendant to answer his interrogatories and produce documents is therefore denied.

3.     **Request for Appointment of Counsel**

Plaintiff renews his request that the Court appoint him an attorney. The Court has denied Plaintiff's seven prior requests for appointment of counsel.[5] As the Court has repeatedly ruled, Plaintiff, as a party who has commenced a *civil* action seeking monetary damages, has no right to the appointment of counsel to prosecute his case.[6] Furthermore, the appointment of counsel in a civil case is very rare because Congress has not provided any mechanism or funding to compensate counsel appointed in civil cases.[7] Therefore, the Court would have to find an

---

[5] *See* Orders (ECF Nos. 7, 9, 19, 25, 36, 54, and 67).

[6] *Lee v. Crouse*, 284 F. Supp. 541, 543-44 (D. Kan. 1967) ("There is no absolute right to appointment of counsel in either habeas corpus or civil rights actions.").

[7] *See Castner v. Colo. Springs Cablevision*, 979 F2d 1417, 1420 (10th Cir. 1992) ("Congress has not provided any mechanism for compensating [] appointed counsel. Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.").

attorney willing to be appointed and provide his or her legal services pro bono (without payment). The Court therefore must make thoughtful and prudent use of its appointment power.

In his motion, Plaintiff states he has mental health issues, he is 100% disabled from these issues, he does not know the Federal Rules of Civil Procedure, he cannot find or access them, he is at an unfair advantage, and he does not have access to a phone or the internet. Plaintiff has asserted all these reasons previously. Nothing else has changed from his previously articulated reasons for why the Court should appoint an attorney to represent him. Plaintiff has shown that he has the capacity and abilities to assert his claims and advocate effectively on his behalf. The appointment of counsel is still not warranted.

**IT IS THEREFORE ORDERED** that Plaintiff's motion requesting another extension of the case deadlines is denied.

**IT IS FURTHER ORDERED** that Plaintiff's motion requesting an order compelling Defendant to answer his interrogatories and produce documents is denied.

**IT IS FURTHER ORDERED** that Plaintiff's motion requesting the appointment of counsel is denied.

A copy of this Order will be mailed to Plaintiff at the following address: 710 North 7th Street, Kansas City, KS 66101.

IT IS SO ORDERED.

Dated March 13, 2023, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge